UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BLANKENBERGER BROTHERS HOLDINGS, LLC, and HOOSIER KING COAL COMPANY, | ) ) ) ) | |
| Plaintiffs (Counter Defendants), | ) ) | |
| vs. | ) ) | |
| BRONCO COAL COMPANY, | ) ) | |
| Defendant (Counter Plaintiff), | ) ) | |
| vs. | ) | NO. 1:06-cv-00362-LJM-DML |
| PATRICK BLANKENBERGER, RICK J. BLANKENBERGER, DAVID M. BLANKENBERGER, DONALD BLANKENBERGER, JOHN BRANDT, MICHAEL BRANDT, BLACK RUSH MINING, LLC, BRYCEDOWNEY, LLC, GEOFFREY A. BRYCE, JEANNE HOFFMAN, RAYMOND STAUBNER, JR. d/b/a THE LAW OFFICE OF RAYMOND STAUBNER, JR., BROWN, SMITH & SETTLE, LLC, PINCOCK, ALLEN & HOLT, PROSPERITY MINE, LLC, FIVE STAR MINING, INC., LAFAYETTE COAL COMPANY, INC., HAZELTON WASH PLANT, LLC, and TIM KERR, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## **ORDER**

This case is before the Court for *sua sponte* reconsideration of the Court's previous Orders on sanctions [Dkt. Nos. 164–65]. Pursuant to the Court's Order of October 10, 2007 [Dkt. No. 173], the Court stayed execution of the Court's previous Orders of Sanctions

Awards [Dkt Nos. 164–65] until final disposition of this litigation. Having entered default judgment against Defendant, Bronco Coal Company ("Defendant"), the Court now proceeds to reconsider its entry of sanctions against Defendant's counsel, Peter S. French, Sara Rochelle Bradbury, James E. Zoccola, and Lewis & Kappes, P.C. (collectively, "Counsel").

## I. BACKGROUND

In its January 25, 2007, Order ("Sanctions Order"), the Court concluded that Defendant and Counsel should be subject to sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") for filing the Amended Third-Party Complaint without any basis in law for the claims. Dkt. No. 141 at 13. On May 4, 2007, the Court entered judgment on sanctions against Defendant and Counsel in favor of Third-Party Defendant Michael Brandt ("Michael Brandt") in the amount of $4,525.00. Dkt. No. 164. On August 24, 2007, the Court entered a second judgment on sanctions against Defendant and Counsel in favor of the other Third-Party Defendants[1] in the amount of $34,510.00. Dkt. No. 165. On October 10, 2007, pursuant to a request from Counsel, the Court modified its previous Orders to limit monetary liability to Counsel and stay execution of its Orders until final disposition of the case. Dkt. No. 173. In its subsequent proposed default judgment against Defendant, counsel for the Third-Party Defendants requested a judgment for sanctions in the amounts previously ordered. Dkt. No. 311.

---

[1] The Court will refer to the other Third-Party Defendants as the "Blankenberger-Related Defendants" (Patrick Blankenberger; Rick J. Blankenberger; David M. Blankenberger; Donald Blankenberger; John Brandt; Black Rush Mining, LLC; Five Star Mining, Inc.; Lafayette Coal Company, Inc.; and Tim Kerr) and the "Blankenberger Counsel Defendants" (Geoffrey A. Bryce, Jeanne M. Hoffman, and BryceDowney, LLC).

2

## II. LEGAL STANDARDS

District courts have broad authority to reconsider even *sua sponte* their interlocutory decisions. *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 n.5 (7th Cir. 2007). Under Rule 11, "a court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). A court has great discretion in determining the appropriate sanction, and "the least severe sanction that is adequate to serve the purpose should be imposed." *Rush v. McDonald's Corp.*, 760 F. Supp. 1349, 1365 (S.D. Ind. 1991) (McKinney, J.).

## III. DISCUSSION

The Court has reviewed further the billing statements submitted by counsel for the Third-Party Defendants provided in support of the amount of applicable sanctions. *See generally* Dkt. Nos. 144-2, 152-1. The Court concludes that the amounts previously entered in this case are greater than necessary and include compensation for activities not covered in the Sanctions Order. Dkt. No. 141 at 13 (providing Third-Party Defendants with "attorney fees and expenses for the preparation of their responses" to the Amended Third-Party Complaint). Therefore, the Court reconsiders the amounts previously awarded and readjusts the amounts to reflect accurately attorney fees incurred in conjunction with those compensable under the Sanctions Order. *Accord. Peirick*, 510 F.3d at 694 n.5.

Based upon its review of the applicable records, the Court has adjusted the amounts to be awarded to the Third-Party Defendants. The Court concludes that the

Blankenberger-Related Defendants are entitled to compensation for 24.80 hours[2] at a rate of $300.00 an hour, or $7,440.00. Further, the Court concludes that Michael Brandt is entitled to compensation for 6.30 hours[3] at a rate of $250.00 an hour, or $1,575.00.

---

[2] This calculation includes the following billing entries:

- 09/25/06 JMH Draft/revise Motion for Extension of time for Responsive Pleadings to Amended CX (1.00)
- 09/25/06 JMH Research Law regarding negligence and duties for Amended CX and Rule 11 Sanctions Motion (0.60)
- 09/27/06 JMH Draft/revise Motion for Rule 11 Sanctions in connection with CX Amended Counterclaim and Third-Party Complaint (0.50)
- 09/29/06 JMH Review/analyze Response of Defendants/Third-Party Plaintiffs to Motion for Reconsideration for Leave to file XC Amended Counterclaim and Third-Party Complaint; review Appearances and Court filings of other Third-Party Defendants; telephone conference with Donald Blankenberger regarding same (1.50)
- 10/03/06 JMH Research law regarding all Counts of XC Amended Counterclaim and Third-Party Complaint for Rule 11 Sanctions Motion; research regarding negligence claims and legal duties; research regarding IN statutory claims for deceit and conversion; research regarding IN securities fraud claims (4.00)
- 10/04/06 JMH Review/analyze research regarding all Counts of XC Amended Counterclaim and Third-Party Complaint for Rule 11 Sanctions Motion (1.00)
- 10/04/06 JMH Review/analyze research regarding all Counts of XC Amended Counterclaim and Third-Party Complaint for Rule 11 Sanctions Motion (0.50)
- 10/04/06 JMH Draft/revise Motion for Rule 11 Sanctions in connection with XC Amended Counterclaim and Third-Party Complaint (3.00)
- 10/05/06 JMH Draft/revise Motion for Rule 11 Sanctions in connection with XC Amended Counterclaim and Third-Party Complaint (3.50)
- 10/09/06 JMH Draft/revise Motion for Rule 11 Sanctions in connection with XC Amended Counterclaim and Third-Party Complaint (5.30)
- 10/10/06 JMH Draft/revise Motion for Rule 11 Sanctions in connection with XC Amended Counterclaim and Third-Party Complaint (3.50)
- 10/31/06 JMH Draft/revise Orders for Motion to Dismiss XC Amended Counterclaim and Motion for Rule 11 Sanctions (0.40)

*See generally* Dkt. No. 144-2 Ex. 1. The Court concludes that the remaining billing entries are not compensable under the Sanctions Order.

[3] This calculation includes the following billing entries:

- 11/06/06 Review Co-Def. Motion to Dismiss w/ client (0.75)
- 11/07/06 Research (1.25)
- 11/10/06 Draft Motion to Join Dismissal (1.00)
- 11/28/06 Review Dismissal Response (0.30)
- 01/04/07 Review and Forward Motions (0.25)
- 2/27/07 Review Sanctions Reply (0.25)
- 2/28/07 Draft Request for Sanctions/ Affidavit File with Court (2.50)

4

However, the Court concludes that the Blankenberger Counsel Defendants are entitled to the full amount requested and should be compensated for 27.10 hours at a rate of $300.00 an hour, totaling $8,130.00. In total, the Court directs Counsel to pay $17,145.00 in sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

The Court **RECONSIDERS** its Orders of May 4, 2007 [Dkt. No. 164] and August 24, 2007 [Dkt. No. 165], and those Orders are **OVERRULED** insofar as they are inconsistent with this Order.

It is **ORDERED**, **ADJUDGED**, and **DECREED** that sanctions are entered in favor of Third-Party Defendants Patrick Blankenberger, Rick J. Blankenberger, David M. Blankenberger, Donald Blankenberger, John Brandt, Black Rush Mining, LLC, Five Star Mining, Inc., Lafayette Coal Company, Inc., and Tim Kerr and against attorneys Peter S. French, Sara Rochelle Bradbury, James E. Zoccola, and Lewis & Kappes, P.C. in the amount of $7,440.00;

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that sanctions are entered in favor of Third-Party Defendants Geoffrey A. Bryce, Jeanne Hoffman, and BryceDowney, LLC and against attorneys Peter S. French, Sara Rochelle Bradbury, James E. Zoccola, and Lewis & Kappes, P.C. in the amount of $8,130.00;

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that sanctions are entered in

---

*See generally* Dkt. No. 152-1 at 3. The Court concludes that the remaining billing entries are not compensable under the Sanctions Order.

favor of Third-Party Defendant Michael Brandt and against attorneys Peter S. French, Sara Rochelle Bradbury, James E. Zoccola, and Lewis & Kappes, P.C. in the amount of $1,575.00.

Judgment shall enter accordingly.

IT IS SO ORDERED this 8th day of February 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Sara R. Blevins
LEWIS & KAPPES
sblevins@lewis-kappes.com

Cory Stephen Brundage
cb@brundagelaw.com

Peter S. French
LEWIS & KAPPES
pfrench@lewis-kappes.com

Jeanne M. Hoffmann
BRYCEDOWNEY LLC
jhoffmann@brycedowney.com

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Frank C. Rowland
BRYCEDOWNEY, LLC
frowland@brycedowney.com

Richard A. Saldinger
SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC
rsaldinger@shawgussis.com